# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEITH W. DeWITT, SR, | : | |
| Plaintiff, | : | Case No.  3:16cv00021 |
| vs. | : | District Judge Thomas M. Rose |
| | | Chief Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF INTERNAL REVENUE, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I.    Introduction

Plaintiff Keith W. DeWitt, Sr., an inmate at Bennettsville Federal Correctional Institution in Bennettsville, South Carolina, brings this case seeking certain tax documents from the Internal Revenue Service.  He asserts in his pro se Complaint that he is entitled to receive the tax documents he seeks from the IRS under the Freedom of Information Act and the Privacy Act.  He further alleges that he is a citizen of Ohio and the United States.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court for an initial review to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

determine whether his complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923. A complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

## II.    Plaintiff's Complaint

Plaintiff explains in his Complaint that in November 2014 he sent a request under the Freedom of Information Act to the "I.R.S. Ravis Team, Stop 6705 p-6 P.O. Box 145500, for any and all 1099-C forms filed bearing Plaintiff's Name and/or Social Security Number." (Doc. #1, *PageID* #2 (emphasis omitted)). Plaintiff received a response "from I.R.S., Stop 2800 F, Kansas City, MO 64999, informing that said research for 1099-C forms bearing Plaintiff's name was complete." *Id*. Although Plaintiff sent two follow-up letters asking why the tax documents he asked for had not been sent to him, he had not received any of the requested documents.

2

Plaintiff seeks a declaration that the IRS has violated the Freedom of Information Act and the Privacy Act, an injunction stopping the IRS from continuing to withhold from him the documents he requested, and an Order requiring the IRS to produce the records he requested without delay.

## III.   Discussion

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see Medical Mut. Of Ohio v. DeSoto*, 245 F.3d 561, 566 (6th Cir. 2001) ("As with every case, this Court must begin with any jurisdictional issues.").  The Freedom of Information Act addresses jurisdiction as follows:

> On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant....

5 U.S.C. §552(a)(4)(B).  Although Plaintiff alleges that he is a citizen of Ohio, he is presently incarcerated in federal custody in South Carolina.  He therefore presently resides in South Carolina, not Ohio.  *See Brehm v. U.S. Dep't of Justice Office of Info. & Privacy*, 591 F. Supp.2d 772, 773 (E.D. Pa. 2008).  Because §552(a)(4)(B) hinges jurisdiction to the complainant's residence, Plaintiff's present residence in South Carolina does not establish that this Court has jurisdiction over his complaint.  Additionally, the other possible districts that have jurisdiction over the complaint are not in Ohio.  The complaint does not allege that plaintiff has a principal place of business in Ohio.  The complaint also does not allege

3

that the IRS records he seeks are in Ohio. The complaint instead indicates that he received a letter from the IRS in Kansas City, Missouri and that he has written follow-up letters to the IRS in Kansas City. It thus appears that district courts in Missouri may have jurisdiction over Plaintiff's complaint. More clearly, under the express language of §552(a)(4)(B) district courts in the District of Columbia have jurisdiction over Plaintiff's complaint.

Accordingly, for the above reasons, Plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2).

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's complaint be DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2);

2.  Plaintiff's Motion for Writ of Attachment (Doc. #4) be DENIED as moot;

3.  The Court certify under 28 U.S.C. §1915(a)(3) that Plaintiff's appeal, if any, would not be taken in good faith; and,

4.  The case be terminated on the docket of this Court.

February 26, 2016

s/Sharon L. Ovington
Sharon L. Ovington
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).