# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KEITH DEWITT, SR., | : | Case No. 3:16-cv-00021 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| COMMISSIONER OF THE INTERNAL REVENUE SERVICE, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Keith W. DeWitt, Sr., an inmate at Bennettsville Federal Correctional Institution in Bennettsville, South Carolina, brings this case seeking certain tax documents from the Internal Revenue Service. He asserts in his *pro se* Complaint that he is entitled to receive the tax documents he seeks from the IRS under the Freedom of Information Act and the Privacy Act. The case is presently before the Court upon Plaintiff's *pro se* Petition for Summary Judgment (Doc. #17), to which the Government has not responded.

Summary judgment is available to a moving party who is able to "show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party—here, Plaintiff— "bear[s]

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

the burden of showing the absence of a genuine issue of material fact as to at least one essential element of [Defendant's] claim." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.* (citations omitted)

"The FOIA generally provides that every federal agency shall promptly make available upon request records reasonably described. Under the Act, an agency may not withhold or limit the availability of any record, unless one of the FOIA's specific exceptions applies." *Rugiero v. U.S. Dept. of Justice*, 257 F.3d 534, 543 (6th Cir. 2001) (citing 5 U.S.C. § 552(a)(3)(A)).

Plaintiff's Petition/Motion for Summary Judgment does not attempt to demonstrate that the record requests he sent to the IRS reasonably describe the documents he seeks. Instead, his Petition states that "this is an action seeking the release of specific IRS document, and related forms thereto, IRS fo[r]ms 1099-C." (Doc. #17, *PageID* #125). His Petition, however, does not reasonably describe the specific 1099-C forms he requested, or any other document he requested, that the IRS did not provide to him in violation of FOIA. Plaintiff's Petition also appears to contain a list of questions (without question marks), including, for instance, whether this Court has subject matter jurisdiction and "was it admitted by the Internal Revenue Service, that they are in possession of the requested documents, being responsive to the plaintiff's request, researched under the Integrated Data Retrieval System no: 372429 (IDRS 372429)." *Id.*

at 126.  He further asks cryptic questions such as, "Did the IRS deny the plaintiff, under its internal rules and regulations, where an appeal could follow," and "Does a 'sub silento' response, preclude the plaintiff from filing in the federal courts, seeking a remedy, for the release of agency records." *Id*. at 126.  Without some factual context—which Plaintiff's Petition does not provide—his questions fail to demonstrate that there are no genuine issues of material fact or that he is entitled to judgment as a matter of law against the Government.

Plaintiff's Petition also fails to support its assertions that the IRS violated the law with any discussion of the genuinely undisputed material facts.  For example, he states that the IRS "is in breach of a duty imposed by law, for failure to provide necessary information by related law." *Id*. at 127.  Yet, his Petition sheds no light on what legal duty he claims the IRS breached, or what necessary information the IRS did not provide him, or what he means by the phrase "necessary information related by law." *Id*.

Accordingly, Plaintiff's Petition does not demonstrate that summary judgment is warranted against the Government at the present time.

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's *pro se* Petition for Summary Judgment (Doc. #17) be DENIED.

June 12, 2017                                              *s/Sharon L. Ovington*
                                                          Sharon L. Ovington
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).